

**VIA ECF**
Hon. Marcia Henry
United State District Court,
Eastern District of New York

**MEMO ENDORSEMENT**

September 15, 2021

Your Honor,

    This firm represents Plaintiff Jose Flores (collectively, "Plaintiffs") in the above-referenced matter. Plaintiffs write jointly with Pro Se Litigant Armando Merino to request Court approval of her settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

    Consistent with the Court's order, the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum $25,000. Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $8,333.33 is appropriate.

The Parties have agreed to a Settlement Agreement and General Release for plaintiff ("the Agreement"), attached hereto as Exhibit A which resolve all of Plaintiff's wage and hour claims against Defendants. The Parties believe that the interests of all concerned are best served by compromise, settlement and dismissal of Plaintiffs' claims with prejudice, in exchange for the consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties and a five (5) hour mediation with mediator Rebecca Price. The Parties represent to the Court that while Plaintiff believes that the settlement amount is less than what he would be entitled to (the damages calculation total without liquidated damages are close to $45,000) if he prevailed at trial, and Defendant Merino believes the settlement amount is more than what Plaintiff would recover if he prevailed at trial, the settlement is fair and reasonable, as discussed herein.

    For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

*Lina Stillman, Esq.*

Hon. Marcia Henry
Southern District of New York
September 15, 2021
Page 2

### I. Statement of the Case

Plaintiff was formerly employed by Defendants, who operate a Supermarket/Restaurant to make tacos, clean and generally tend to the small supermarket. Defendant Merino believes that he paid Plaintiff appropriately but did not have any records of doing so.

The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial. For example, Mr. Merino named witnesses who would testify that Plaintiff did not work as many hours. Plaintiff also has witnesses who would testify at trial that he in fact worked as many hours.

### II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay Plaintiff a total sum of $25,000 to settle all of his claims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Here, the Parties' counsel engaged in extensive telephonic and electronic settlement negotiations over the course of several weeks, and then agreed to enlist a mediator. The Parties mediated diligently for close to (7) seven hours with the help of mediator from the Southern District of New York.

Plaintiffs believe that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Plaintiff himself ultimately chose the certainty of an agreed-upon settlement, which also allowed them to avoid the uncertainties of trial.

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Hon. Marcia Henry
Southern District of New York
September 15, 2021
Page 3

    Under the settlement, Plaintiffs' counsel will receive $8,333.33 from the total settlement amount as attorney's fees. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiff retainer agreement, which includes costs.

    The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

    Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiffs' counsel obtained an excellent result with relatively low time and expense (and without Counsel on defense side). A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina F. Stillman and has been practicing law since 2012. From 2012-2015, she was an associate at two law firms where she practiced exclusively in the areas of Labor and Employment with emphasis on wage and hour litigation.
> She opened her law firm in response to the immigrant community's need for Spanish and Portuguese speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian and Portuguese.
> She is an active member of the LGBT Rights Committee of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

**Conclusion**

    Plaintiffs was represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of her client. Plaintiffs' interests have thus been adequately safeguarded.
    In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.
    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

                            Respectfully submitted,

                            /s/Lina Stillman

Hon. Marcia Henry
Southern District of New York
September 15, 2021
Page 4

Plaintiff is to resubmit this proposed FLSA settlement and provide detail to the Court as to the calculations used to arrive at $44,686.00 in owed wages. While the chart provided is helpful, Plaintiff's submission must explain on what basis Plaintiff claims these wages. Additionally, Plaintiff must submit more accurate attorney billing records, currently these records reflect inconsistent hourly rates and do not have uniform costs for the various tasks performed in this matter.

White Plains, NY
September 23, 2021

SO ORDERED

KENNETH M. KARAS U.S.D.J.